# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

---------------------------------------------- X
VENTURE CONSTRUCTION
GROUP OF FLORIDA, INC.
a/a/o GILMAN POOLS,

    Plaintiff,

v.

GENERAL STAR INDEMINITY
COMPANY,

    Defendant.
---------------------------------------------- X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant, General Star Indemnity Company ("General Star"), through undersigned counsel, hereby removes the above-captioned matter to this Court from the Circuit Court of the Ninth Judicial Circuit of Florida, Orange County, stating as follows:

1. The State Court Action was commenced by plaintiff, Venture Construction Group of Florida, Inc. a/a/o Gilman Pools ("Venture"), with the filing of its Complaint on May 24, 2022, in the Circuit Court of the Ninth Judicial Circuit of Florida, Orange County (Case No. 2022-CA-004636-O) (the "State Court Action").

2. The Complaint alleges that General Star failed to pay Venture under a "homeowners" insurance policy, bearing policy number IMA398735, for repairs in connection with a claim for loss and/or damage that allegedly occurred at the insured premises located at 524 North Misson Road, Orlando, FL 32808 (the "Property") on or about August 20, 2021 as a result of a "weather event." The Complaint consists of one count for breach of contract.

3. General Star was served with a summons and a copy of the Complaint by the Chief Financial Officer of the State of Florida via electronic delivery on June 14, 2022.

4. General Star is the sole defendant in the State Court Action.

5. Pursuant to 28 U.S.C. §1446(a) and Middle District of Florida Local Rule 1.06, a copy of all process, pleadings, orders, and other papers or exhibits of every kind on file in the State Court Action is attached hereto.

## JURISDICTION

**I. Diversity of Citizenship**

6. Venture and General Star are citizens of different states for purposes of establishing this Court's subject matter jurisdiction under 28 U.S.C. § 1332.

7. Venture is a Florida corporation with its principal place of business in Florida. Attached hereto as Exhibit "A" is a true and correct copy of a publicly available record from the website of the Florida Department of State, Division of

Corporations (www.dos.myflorida.com/sunbiz). This record confirms that Venture is incorporated in Florida and maintains its principal place of business at 2654 SW Willoughby Blvd., Stuart, FL 34994.

8. General Star is a Delaware corporation with its principal place of business in Connecticut. Attached as Exhibit "B" is a true and correct copy of a publicly available record from the website of the Delaware Division of Corporations (www.corp.delaware.gov). Attached as Exhibit "C" is a true and correct copy of a publicly available record from the website of the Florida Office of Insurance Regulation (www.floir.com). Also attached as Exhibit "D" is a true and correct copy of a publicly available record from the website of the National Association of Insurance Commissioners (https://sbs.naic.org/solar-external-lookup/). These records confirm that General Star is incorporated in Delaware and maintains its principal place of business at 120 Long Ridge Road, Stamford, CT 06902.

9. Based on the above, since Venture is a citizen of the State of Florida, and General Star is a citizen of the States of Delaware and Connecticut for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship exists.

## II.  Amount in Controversy

10.  The amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000, as set forth in 28 U.S.C. § 1332.

11.  The Complaint does not seek a sum certain.  Instead, it only alleges that "[t]his is an action for damages that **does exceed** the sum of $30,000.00." *See* State Court Action, Complaint, ¶1 (Emphasis added).

12.  However, as discussed above, Venture alleges that General Star is obligated to pay it for repair work performed, or estimated to be performed, at the Property for certain loss and/or damage alleged to have resulted from a weather event.  In connection with Venture's claim, it filed and served General Star with a Property Insurance Notice of Intent to Initiate Litigation ("NOI") pursuant to Fla. Stat. § 627.70152.  The NOI is dated April 21, 2022 and sets forth a disputed damages amount in controversy of $136,841.  A true and correct copy of the NOI is attached hereto as Exhibit "E."

13.  Additionally, Venture is seeking attorneys' fees from General Star in this action (*See* State Court Action, Complaint at ¶12 and at the "Wherefore" clause; *see also* the NOI), which must also be considered in determining the amount in controversy.  *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); Fla. Stat. §

626.9373 (authorizing the recovery of attorneys' fees against surplus lines insurers, such as General Star, upon the rendition of a judgment or decree in favor of any named or omnibus insured under a policy or contract executed by the insurer).

14. In light of the above, since Venture claims that it is owed $136,841 in damages from General Star and is also entitled to recover its attorneys' fees in this action, the amount in controversy is clearly in excess of the $75,000 jurisdictional threshold of this Court.

## TIMELINESS OF REMOVAL

15. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), because it is being filed within thirty days (30) after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served upon General Star, i.e., on June 14, 2022.

16. Additionally, this Notice of Removal is being filed within one (1) year from the commencement of the State Court Action on May 24, 2022 and therefore meets the timeliness requirement set forth in 28 U.S.C. § 1446(c)(1).

17. In sum, because diversity of citizenship exists as between Venture on the one hand, and General Star on the other, and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

18. The United States District Court for the Middle District of Florida encompasses the place where the State Court Action is pending. Accordingly, this Court is the proper federal venue for this action.

19. No previous application has been made for the relief requested herein.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Venture and a copy is being filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit of Florida, Orange County.

**WHEREFORE**, defendant, General Star Indemnity Company, respectfully removes this action from the Circuit Court of the Ninth Judicial Circuit of Florida, Orange County.

Dated: July 14, 2022

        Respectfully submitted,

        ZELLE, LLP

By: s/ Jason M. Chodos
Jason M. Chodos, Esq. (FL Bar No. 025823)
jchodos@zellelaw.com
Hayley H. Ryan, Esq. (FL Bar No. 1032623)
hryan@zellelaw.com
SunTrust International Center
One Southeast Third Avenue, Suite 1600
Miami, Florida 33131
Tel.: (786) 693-2351
Fax: (612) 336-9100
*Attorneys for Defendant,*
*General Star Indemnity Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2022, I served the foregoing Notice of Removal upon counsel for plaintiff, Steven M. Johnson, Esq., Johnson & Williams, P.A., P.O. Box 5089, Winter Park, FL 32793, by e-mail via the Florida ePortal system to which he is registered.

    s/ Jason M. Chodos
    Jason M. Chodos, Esq. (FL Bar No. 025823)
    jchodos@zellelaw.com
    ZELLE LLP
    SunTrust International Center
    One Southeast Third Avenue, Suite 1600
    Miami, Florida 33131
    Tel.: (786) 693-2351
    Fax: (612) 336-9100
    *Counsel for Defendant,*
    *General Star Indemnity Company*